IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> CATHOLIC DIOCESE OF WILMINGTON, INC., ) <br> a Delaware Corporation, ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 09-13560 (CSS) |
| OFFICIAL COMMITTEE OF UNSECURED ) <br> CREDITORS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CATHOLIC DIOCESE OF WILMINGTON, INC., ) <br> a Delaware non-stock Corporation; et al., ) <br> ) <br> Defendants. ) | Adv. Case No. 09-52866 (CSS) |

Related Docket No. 173

**PLAINTIFF'S LIMITED OBJECTION TO AND MOTION TO STRIKE
CERTAIN ITEMS INCLUDED IN APPELLANTS' JOINT DESIGNATION
OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF
ISSUES ON APPEAL REGARDING APPEAL OF PHASE I ORDERS AND JUDGMENT
[D.I. 115, 129, 128, 134 & 135]**

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Plaintiff/Appellee in the above-captioned adversary proceeding hereby submits *Plaintiff's Limited Objection to and Motion to Strike Certain Items Included in the Appellants' Joint Designation of Items to be Included in the Record on Appeal and Statement of Issues on Appeal Regarding Appeal of Phase I Orders and Judgment [D.I. 115, 129, 128, 134 & 135]* (the "Limited Objection").

In the *Appellants' Joint Designation of Items to be Included in the Record on Appeal* [Docket No. 173], the Defendants/Appellants designate four general categories of items that they seek to be included in the record on appeal: (1) those found on the docket of this adversary

proceeding, (2) those found on the docket of the above-captioned bankruptcy case, (3) transcripts of proceedings before this Court, and (4) trial exhibits that the Court admitted into evidence during the June 2-8 phase I trial in the above-captioned adversary proceeding.

While Plaintiff believes that Defendants/Appellants have designated dozens of items that have no relation to the issues on appeal, Plaintiff restricts this Limited Objection to those designated items that were filed in only in the above-captioned bankruptcy case but not in the instant adversary proceeding, and that the Court did not admit into evidence during the Phase I trial. For the reasons set forth below, Plaintiff/Appellee asks the Court to strike Index/tab nos. 68-69, 82-84, and 94-98 (the "Objectionable Items").

### The Objectionable Items Should be Stricken

1. Federal Rule of Bankruptcy Procedure 8006 ("Rule 8006") provides in pertinent part as follows: "Within 14 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal. . . ." Fed. R. Bankr. P. 8006. Rule 8006 does not address the situation in which the appellants' designation is overly inclusive. However, "the better-reasoned cases hold that the [appellee] may properly file an objection in the bankruptcy court seeking to have part of the designation stricken." King, Laurence P., *Collier on Bankruptcy*, ¶8006.03[3] (Bender 2009).

2. The bankruptcy court from which an appeal is taken retains jurisdiction "to determine the contents of the record on appeal." *NWL Hldgs., Inc. v. Eden Center, Inc. (In re Ames Dept. Stores, Inc.)*, 320 B.R. 518, 520 n.2 (Bankr. S.D.N.Y. 2005) (citations omitted); *See also Amedisys, Inc. v. JP Morgan Chase Manhattan Bank (In re Nat'l Century Fin. Enterp., Inc.)*, 334 B.R. 907, 912 (Bankr. S.D. Ohio 2005) ("A majority of the courts conclude that a bankruptcy court has the power to rule on disputes over the contents of the appellate record.").

The trial court retains jurisdiction over the designation of the record because it knows best what items it considered in arriving at the opinion that is being appealed. *See In re Nat'l Finance*, 334 B.R. at 913-14. Plaintiff/Appellee therefore files this Limited Objection with this Court.

3. The Objectionable Items consist of the following:

 a. Index/Tab numbers 68 and 69 are letters to the Court, dated in February 2010, from parties to the adversary proceeding regarding proposed distributions from the pooled investment account. The parties ultimately resolved the subject matter of their letters without Court intervention. True and correct copies of Index/Tab numbers 68 and 69 are attached hereto as **Exhibits A and B**, respectively.

 b. Index/Tab numbers 82-84 are letters, dated May 2010, to the Court from the Hon. Kevin Gross (Index/Tab number 82), from the Non-Debtor pooled investment participants (Index/Tab number 83), and the Committee (Index/Tab number 84), all relating to the mediation of the above-captioned bankruptcy case. True and correct copies of Index/Tab numbers 82-84 are attached hereto as **Exhibits C through E**, respectively.

 c. Index/Tab number 94 is a letter to the Court, entered onto the underlying bankruptcy case docket on July 6, 2010, from a parish priest regarding the June 28 Opinion. A true and correct copy of Index/Tab number 94 is attached hereto as **Exhibit F**.

 d. Index/Tab numbers 95-97 are pleadings entered onto the bankruptcy case docket in August 2010 – after the June 28 Opinion was issued and the Court denied Defendants' motion for reconsideration of same. These pleadings relate to non-defendant St. Peter Roman Catholic Church's motion for entry of an order granting relief from stay

and authorizing payment of a limited distribution from the pooled investment account. True and correct copies of Index/Tab number 95-97 are attached hereto as **Exhibits G-I**.

e.  Index/Tab number 98 is a transcript of the October 21, 2009 "first day" hearing in the above-captioned bankruptcy case. A true and correct copy of that document is attached hereto as **Exhibit J**.

4.  Although Plaintiff cannot know for certain what the Court considered in formulating its June 28 Opinion, Plaintiff believes that it is highly doubtful that the Court considered the Objectionable Items in preparing its June 28 Opinion.. Those items are not referenced at all in the June 28 Opinion. Moreover, it would have been impossible for the Court to have considered Index/Tabs 95-97 because those documents were not filed until *after* the Court entered both its June 28 Opinion and its order denying the Defendants' motion for reconsideration of the June 28 Opinion. None of these Objectionable Items were admitted as evidence at the Phase I trial nor did the Court indicate that it took judicial notice of them or otherwise referred or relied on them in anyway in the June 28 Opinion. To the extent the Court did not consider the Objectionable Items in formulating its June 28 Opinion or denying the motion for reconsideration, they should not be part of the record on appeal. *See In re Nat'l Century Fin. Enters., Inc.*, 334 B.R. at 917-18 (striking designated items on appeal that were not filed with the court, and that the court neither reviewed nor considered before entering the order that was the subject of appeal); *In re Ames*, 320 B.R at 521-22 (striking from designation of record on appeal documents that the court "never saw or considered").

5.  In addition, items that appear only on the docket in the underlying bankruptcy case are not properly designated in the appeal of the adversary proceeding. The Third Circuit has observed a long-standing rule that "a bankruptcy judge deciding an adversary proceeding,

18482-001\DOCS_DE:163149.2

which is an independent litigation, and an appellate court reviewing that decision, cannot properly use documents filed only in the underlying bankruptcy case unless that use can be justified under the judicial notice doctrine." *See Nantucket Investors II v. California Fed'l Bank (In re Indian Palms Assocs., Ltd., B.C.)*, 61 F.3d 197, 204 (3d Cir. 1995) (citing *In re Aughenbaugh*, 125 F.2d 887, 889 (3d Cir. 1942)). This rule is predicated partly on the concept that "facts relating to the merits of the case will be decided on the basis of evidence admitted into the *trial* record." *Id.* at 205 (emphasis in original). This rule also rests on the concept that trial evidence must be competent evidence. *See id.* Documents not in the trial record likely are hearsay or contain hearsay. *See id.*

6. Defendants/Appellants identify the Objectionable Items as docket entries in the underlying bankruptcy case, not in the instant adversary proceeding. The June 28 Opinion does not reference any of these items. Accordingly, Plaintiff moves to strike Index/Tab numbers 68-69, 82-84, and 94-98 from the designation of items to be included in the record on appeal.

[remainder of page left intentionally blank]

## Conclusion

For the reasons set forth above, Plaintiff/Appellee submits that this Limited Objection should be granted, and that Index/Tab Nos. 68-69, 82-84, and 94-98 be stricken from the designation of items to be included in the record on appeal in the above-captioned adversary proceeding.

Dated:   August 30, 2010         PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
Laura Davis Jones (DE Bar No. 2436)
James I. Stang (CA Bar 94435)
Kenneth H. Brown (CA Bar 100396)
James E. O'Neill (DE Bar No. 4042)
Gillian N. Brown (CA Bar. 205132)
919 North Market Street, 17th Floor
Wilmington, DE  19899-8705
Telephone: 302/652-4100
Facsimile:  302/652-4400
E-mail: ljones@pszjlaw.com
           jstang@pszjlaw.com
           kbrown@pszjlaw.com
           joneill@pszjlaw.com
           gbrown@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors