## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CATHOLIC DIOCESE OF WILMINGTON, INC., a Delaware Corporation, | Case No. 09-13560 (CSS) |
| Debtor. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 09-52866 (CSS) |
| CATHOLIC DIOCESE OF WILMINGTON, INC., *et al.*, | **Ref. Docket Nos. 173 & 188** |
| Defendants. | |

## APPELLANTS' JOINT RESPONSE TO PLAINTIFF'S LIMITED OBJECTION AND MOTION TO STRIKE CERTAIN ITEMS INCLUDED IN APPELLANTS' JOINT DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

The above-captioned debtor-defendant (the "Debtor") and non-debtor defendants (the "Non-Debtor Defendants" and, together with the Debtor, the "Appellants") in the above-captioned adversary proceeding (the "PIA Adversary") hereby respond (the "Response") to the *Plaintiff's Limited Objection and Motion to Strike Certain Items Included in Appellants' Joint Designation of Items to be Included in the Record on Appeal and Statement of the Issues on Appeal Regarding Appeal of Phase I Orders and Judgment [D.I. 115, 129, 128, 134 &135]* (the "Motion to Strike"). In support of this Response, the Appellants respectfully represent as follows:

1.      The Motion to Strike conflates "record on appeal" and "evidentiary record," which are two distinct concepts.

2.      Under Bankruptcy Rule 8006, the *record on appeal* includes *"the items*

*. . . designated by the parties*, the notice of appeal, the judgment, order, or decree appealed from,

and any opinion, findings of fact, and conclusions of law of the court." Fed. R. Bankr. P. 8006

(emphasis added). The operative language of Bankruptcy Rule 8006 is materially similar to

former Bankruptcy Rule 806 under the Bankruptcy Act of 1898. Like former Rule 806, Rule

8006 was adapted from Rule 10 of the Federal Rules of Appellate Procedure. *See* Fed. R. Bankr.

P. 8006 advisory committee's note; *In re W. T. Grant Co.*, 432 F. Supp. 105, 107 (S.D.N.Y.

1977). Also like former Rule 806, Rule 8006 does not provide a procedure for resolving disputes

over the contents of the record on appeal. The Federal Rules of Appellate Procedure, however,

does contain such a provision – Appellate Rule 10(e) provides that the trial court is to resolve

"differences . . . whether the record truly discloses what occurred in the [trial] court," and that

*"[a]ll other questions as to the form and content of the record* must be presented to the court of

appeals." Fed. R. App. P. 10(e)(1) & (3) (emphasis added).

3.      By analogy to Appellate Rule 10(e), courts construing former Rule 806

reasoned that it should be "liberally construed to allow the litigants the opportunity to provide

the reviewing court a complete record upon which to base its decision." *In re T. Michaelis*

*Corvette Supplies, Inc.*, 14 B.R. 365, 366-67; *accord In re W.T. Grant Co.*, 432 F. Supp. 105,

107-08 (S.D.N.Y. 1977) (finding Rule 806 permitted litigant "to include within the record on

appeal any papers deemed necessary" and that litigant "should not be required to defend the total

record he has designated for transmittal on appeal"). Thus, in *W.T. Grant*, Rule 806 was

construed to permit inclusion of letters from counsel to the bankruptcy court which were not

admitted into evidence at trial, but which were considered by the bankruptcy court. 432 F. Supp.

106-08. And in *T. Michaelis Corvette*, the court construed Rule 806 to permit inclusion in the

record on appeal documents relating to a prior order of the bankruptcy court the factual

circumstances of which were "undeniably interrelated" with the order from which the appeal was taken. 14 B.R. at 367 ("It should be, and is then, with the interpretation of the Rules that a reviewing court can have documentation of decisions before it which, *although not subject to review*, are necessary to a complete understanding of the case." (emphasis added)).

4.     The court in *In re Neshaminy Office Building Asociates*, 62 B.R. 798 (E.D. Pa. 1986), citing *W.T. Grant* and *T. Michaelis Corvette*, reached a similar conclusion under Bankruptcy Rule 8006, finding that the record of an appeal from a bankruptcy court order approving a settlement properly included pleadings and hearing transcripts relating to a contested stay relief motion which precipitated the settlement. This was so notwithstanding that (i) the matter on appeal was the order approving the settlement, which was a distinct contested matter from the stay relief motion, (ii) the challenged items were not formally moved into evidence during the hearing on the propriety of the settlement, and (iii) it was not clear from the bankruptcy court's opinion whether it considered the challenged items in rendering its decision. *Id.* at 802. The court recognized that, because "the proceedings which resulted in approval of the settlement were intimately related to the initial proceedings regarding the stay, . . . . the Bankruptcy Court could properly consider these matters in deciding whether to approve the settlement." *Id.* Because the bankruptcy court could have considered the challenged items, the district court drew a "reasonable inference that the Bankruptcy Court did so," and considered them as part of the record on appeal because they were "in fact necessary to afford a complete understanding of the case." *Id.*[1]

---

[1] The district court also noted it "cannot gainsay the bankruptcy court's right to take notice of its own files and records and the absence of any duty on its part to grind the same corn a second time." *Neshaminy*, 628 B.R. at 802 (internal quotations omitted). Appellants take this to mean that remanding the matter to the bankruptcy court for a determination whether it in fact considered the challenged items in rendering its opinion would have been a waste of judicial resources.

5.      *Neshaminy* was indirectly affirmed, in pertinent part, by *Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs., Ltd.)*, 61 F.3d 197 (3d Cir. 1995), which considered the specific issue "whether a party designating the record on appeal under Bankruptcy Rule 8006 can draw only from the record created in connection with the motion that initiated a contested matter or whether that party can draw from the record of the bankruptcy case," *id.* at 204 (citing with approval *T. Michaelis Corvette*). In *Indian Palms*, a senior lienholder obtained relief from the automatic stay with respect to certain property, over the objection of a junior lienholder having an interest in the same property. The junior lienholder appealed to the district court, including in its designation of the record on appeal certain items outside the record developed on the lift-stay motion,[2] which the senior lienholder moved the district court to strike. The district court denied the motion to strike, finding it "immaterial whether the bankruptcy court had actually considered any of the[ challenged] documents because they all had been available for its consideration," *Indian Palms*, 61 F.3d at 201, and considered the challenged items in the context of determining whether, based on a position it had previously taken with the bankruptcy court, the senior lienholder had waived an argument germane to the appeal, *id.* at 204. The district court reversed the bankruptcy court's grant of stay relief, and the senior lienholder appealed that reversal, as well as the denial of the motion to strike from the record on appeal items not presented to, or considered by the bankruptcy court in connection with the matter from which the appeal was taken. *Id.* at 203.

6.      The Third Circuit distinguished between the *record on appeal* and the *evidentiary record*, in a passage that bears quotation at length because, the Appellants submit, it disposes of the Motion to Strike:

---

[2]  The challenged items included the debtor's chapter 11 petition, statement of financial affairs and schedules, filed plans and disclosure statements, a prior motion of the senior lienholder for relief from the automatic stay, and a number of briefs with accompanying certifications that had

[T]he fact that a document is included in the relevant record does not mean that the bankruptcy judge, or the reviewing district court judge, is entitled to use it for any purpose. Just as with documents in the record of a civil action filed in a district court, there are principles that limit its use.

One limitation is the rule that each litigant should be given a fair opportunity to rebut and put into perspective the evidence admitted against its position. It is understood, for example, that the facts relating to the merits of the case will be decided on the basis of evidence admitted into the *trial* record [(emphasis in original)]. Thus, for example, an admission of a party previously made in the record should normally be tendered and admitted into evidence at the trial, before the judge in a bench trial can use it to resolve the factual merits of he case.

Another limitation is the rule requiring evidentiary competence. Under this rule, a document cannot be put to a hearsay use for most purposes, and for this reason, a previously filed court document will generally not be competent evidence of the truth of the matter asserted therein.

Neither of these limitations means, however, that when the course and timing of proceedings, or the positions previously taken by the parties in the case, become relevant for any reason, a trial or appellate judge may not look to any document in the case record to establish the relevant fact. Documents in the case record will be relevant to many issues, including waiver, estoppel, preservation of an issue for appeal, the fact and length of litigation delay, limitations issues, prejudice to an opposing party, and the like. *The use of documents in the case record for such purposes does not offend the limitations discussed above because the documents are not being used to determine disputed facts relating to the merits of the case and their use does not impose on a party's ability to meet the evidence against it* [(emphasis added)]. Similarly, it is not seriously questioned that the filing of documents in the case record provides competent evidence of certain facts – that a specific document was filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made.

*Indian Palms*, 61 F.3d at 205 (internal citations omitted). Based on this explication, the Third

Circuit concluded that the district court's use of items outside the specific record developed on

the lift-stay motion was appropriate because it was solely to determine whether the senior

lienholder had waived an argument. *Id.*

     7.  The *Indian Palms* court went on to conclude that the doctrine of judicial

notice provided an additional, independent basis for affirming the inclusion of the challenged

items in the record on appeal. 61 F.3d at 205. Federal Rule of Evidence 201 authorizes a court

---

been filed in the bankruptcy case. *Indian Palms*, 61 F.3d at 203-04.

to take judicial notice of an adjudicative fact if that fact is not subject to reasonable dispute. *Id.*;

Fed. R. Evid. 201(b). Judicial notice may be taken at any stage of a proceeding, "including on

appeal, as long as it is not unfair to a party to do so and does not undermine the trial court's

factfinding authority." *Indian Palms*, 61 F.3d at 205-06. Accordingly, the court reasoned that

the junior lienholder's designation of the challenged items in the record on appeal could "be

viewed as a request that the district court take judicial notice of certain portions of the record in

the underlying bankruptcy case" and, when so viewed, the district court's denial of the motion to

strike "was authorized by Federal Rule of Evidence 201." *Id.* at 206.

        8.    Curiously, the Motion to Strike does not discuss *Indian Palms* at any

length, and cites it primarily for the following quote, which is taken out of context: "We have

previously held that a bankruptcy judge deciding an adversary proceeding, which is an

independent litigation, and an appellate court reviewing that decision, cannot properly use

documents filed only in the underlying bankruptcy case unless that use can be justified under the

judicial notice doctrine." 61 F.3d at 205 (citing *In re Aughenbaugh*, 125 F.2d 887, 889 (3d Cir.

1942)). In context with the substantial discussion that follows this quote in the *Indian Palms*

opinion, which includes several examples of permissible, non-evidentiary "uses" of record items

not included in the trial record, reading *Aughenbaugh* to preclude *any* "use" by the appellate

court of documents not admitted into the trial record is not tenable. This is confirmed by the

*Indian Palms* court's explanation of the holding in *Aughenbaugh*, in a footnote that immediately

follows the passage quoted in the Motion to Strike:

> We held in that case that *in determining the issue of insolvency in an action by the trustee to avoid a transfer as a preference*, the referee could not rely on the bankruptcy schedules, official appraisals, proofs of claims, and other items on file in the bankruptcy case when they had not been introduced into evidence in the trustee's preference action. We stated:
>
> > If the trustee desired to rely upon any papers already on file in the bankruptcy proceeding it was incumbent upon him to offer them at

> the hearing of his exceptions in order that the mortgagee might know that they were being ruled upon and might have an opportunity to meet them with such other evidence as might be available to it.

> We noted further that the doctrine of judicial notice did not provide a basis for the referee's use of the challenged documents in that case[, because] "[t]he facts to which [the previously filed documents] related, *being disputed in the very controversy under consideration*, were not the sort of facts of which the referee was entitled to take judicial notice."

*Indian Palms*, 61 F.3d at 204 n.12 (emphasis added, internal citations omitted).  Based on this explanation, it does not appear that the fact of separate proceedings (e.g., adversary versus main case) was the driver of the outcome in *Aughenbaugh*.  Rather, the driver was the due process concern with an appellate court relying upon documents that were not introduced into the evidentiary record to evaluate whether a bankruptcy referee's finding on a disputed, material fact (i.e., the debtor's insolvency at the time of the challenged transfer) was supported by record evidence.  Indeed, a distinction based upon the docket upon which a document appears would make little sense, where the doctrine of judicial notice makes no such distinction and permits notice to be taken of documents filed on any official court docket.  *See* Fed. R. Evid. 201(b) (permitting judicial notice of any fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

    9. Against this backdrop, the Appellants' designation of the record on appeal was appropriate.  Importantly, all of the items challenged in the Motion to Strike relate to the Pooled Investment Account, were filed on the public docket of the bankruptcy case, and, to the extent they are pertinent to issues raised on appeal (which no one can know, of course, until briefing is complete), are documents of which the appellate court could take limited judicial notice (e.g., as to the fact that it was filed, and when, that party X previously took Y position, etc.).  Were the Appellants to seek to use the challenged items on appeal in an inappropriate manner (e.g., as substantive evidence of a material disputed fact), the Plaintiff could raise this

with the appellate court, which is obviously competent to distinguish between proper and improper uses of the record on appeal.  The Motion to Strike, however, assumes *a priori* that the Appellants will seek to use the challenged items in an inappropriate manner.  The Appellants respectfully request that this Court not indulge the Plaintiff in this assumption.

          10.     The Appellants concede that the pleadings relating to the St. Peter's withdrawal request (Motion to Strike Ex. G-I), which were filed after the decisions from which the appeals were taken, obviously could not have been considered by the Court in rendering its decisions.  These items were designated for contextual purposes because they relate to the Pooled Investment Motion filed in the main bankruptcy case (a matter integrally related to the instant adversary proceeding) and the parties' positions as to the legal effect, if any, of the decisions on appeal upon the ability of non-debtor pooled investors to obtain further interim distributions from the Pooled Investment Account.[3]  These issues may be pertinent, if not to the appeal itself, then to a determination by the appellate court whether to expedite consideration of the appeal.  Accordingly, the Appellants believe these items were properly included in the record on appeal.

---

[3]  The Appellants note that their designation of the record on appeal also contains pleadings and transcripts regarding the petitions for direct certification to the Third Circuit, which likewise occurred after entry of the decisions on appeal and, accordingly, could not have been relied upon by this Court in rendering such decisions.  The reason for designation of these items was the same, namely, to provide additional context and, to the extent necessary, a snapshot of the parties' stated positions about what the appealed decisions mean.

## CONCLUSION

11.      WHEREFORE, for the reasons set forth above, the Appellants respectfully

request that the Court deny the Motion to Strike and award the Appellants such other and further

relief as is just and proper.

Dated: Wilmington, Delaware
          September 13, 2010

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Patrick A. Jackson*
John T. Dorsey (No. 2988)
Neilli Mullen Walsh (No. 2707)
Mary F. Dugan (No. 4704)
Patrick A. Jackson (No. 4976)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

Counsel for Catholic Diocese of Wilmington, Inc.

Dated: Wilmington, Delaware
          September 13, 2010

ASHBY & GEDDES

*/s/ Toni-Ann Platia*
Stephen E. Jenkins (No. 2152)
Philip Trainer, Jr. (No. 2788)
Ricardo Palacio (No. 3765)
Toni-Ann Platia (No. 5051)
Stacy L. Newman (No. 5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19800
Telephone: (302) 654-1888

Counsel for the Non-Debtor Defendants